274 So.2d 629

Catherine E. KILLINGSWORTH

v.

CITY OF DOTHAN.

4 Div. 199.

Court of Criminal Appeals of Alabama.

March 13, 1973.

**604**

Farmer & Farmer, Dothan, for appellant.

Ramsey & Ramsey, and Wade H. Baxley, Dothan, for the city of Dothan.

SIMMONS, Supernumerary Circuit Judge.

Appellee had an omnibus ordinance that embraced and made Tit. 14, § 404, Recompiled Code of Alabama, 1958, an ordinance of appellee. The validity of the omnibus ordinance and its inclusion of § 404, supra, (and other misdemeanor statutes of the State) is not here questioned. The adopted statute reads:

"Any person who, having been summoned or commanded by any officer, constable, or other officer having authority, to assist such officer in making an arrest or in executing any other duty devolving upon him under any law in relation to public offenses, refuses or neglects to obey such summons or command, shall, on conviction, be fined not less than fifty nor more than three hundred dollars."

The information filed in the Circuit Court against appellant is as follows:

"The City of Dothan, Alabama, a Municipal Corporation, complains of Defendant, Catherine E. Killingsworth, for that the Defendant did on, to-wit: the 1st day of January, 1972, wilfully fail or refuse to comply with a lawful order or command to assist a police officer of the City of Dothan, Alabama, in making an arrest within the corporate limits of the City of Dothan, Alabama, or the police jurisdiction thereof, in violation of an ordinance of the City of Dothan duly enacted by the authority of the authorized officials of said Municipality, in full force and effect at the time of the commission of said offense."

Appellant (defendant below) was convicted by a jury of the offense charged in the information, supra, fined $25.00 and judgment entered therefor with appropriate sentence for the fine and accrued court costs. This appeal is from the judgment.

At the conclusion of plaintiff's evidence, defendant moved to exclude the evidence. The trial court erroneously denied the motion and heard further evidence which concluded in the conviction of defendant. The trial court also refused defendant's affirmative charge with hypothesis. This refusal was also error.

A detective employed by appellee, according to his testimony, placed one James Cobb under arrest and brought him into the restaurant at Patricia Lane's Bowling Alley within the corporate limits of appellee, holding him by his belt. Once inside with the arrested person, the officer, after identifying himself as an officer of the City of Dothan, requested defendant, a waitress, to call the police department and request them to send a patrol car to the bowling alley. Defendant declined to make the telephone call. The officer himself put the call through and directed that the patrol car be sent. The car was sent and the prisoner transported from the scene. The officer then arrested the defendant for refusing to render him assistance in making the arrest.

The information, supra, omits any allegation that defendant failed to assist the

officer "in executing any other duty devolving upon him under any law in relation to public offenses . . . [in that she willfully failed to make a telephone call, etc.]", but confines the accusation to refusing to assist the officer in making an arrest.

We think the officer's testimony is clear that he had already made the arrest, had the person in custody with a firm hold on his belt, and nothing else was to be done to accomplish the arrest. The arrest at the time of the request for assistance, was an accomplished fact. The defendant was not making an effort to get loose, but so far as the record states, had submitted, although the officer probably felt that the detention would be more secure if he held on to the prisoner. All the officer needed at the time was a patrol car to transport the prisoner to jail.

We think the circumstances here involved are such that defendant was not guilty of failing, on request, to assist the officer in making an arrest, already an accomplished fact. The officer did need assistance in executing another duty devolved upon him; that is, to get the prisoner to jail by use of the patrol car or some other motorized transportation. The defendant was not charged with failing to assist the officer in this respect.

The motion to exclude the evidence should have been granted. Failing in that respect, the affirmative charge with hypothesis should have been given.

For these errors, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2, Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Reversed and remanded.

All the Judges concur.